UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MORLEY P. THOMPSON, SR.,                        No. 04-11142

                    Debtor(s).
_____/

ANDREA A. WIRUM, Trustee,

                    Plaintiff(s),

         v.                                     A.P. No. 05-1075

GREAT AMERICAN LIFE INS. CO., et al.,

                    Defendant(s).
_____/

Memorandum on Motions for Summary Judgment
_____

       Plaintiff Andrea Wirum is the Chapter 7 trustee of the estate of debtor Morley Thompson. Thompson is the beneficiary of an Ohio testamentary trust established by his deceased wife in her will. The trust gives Thompson the right, in his lifetime, to withdraw $5,000.00 or 5% of the trust corpus each year. The Ohio courts have already decided that the spendthrift provision in the trust does not protect Thompson's rights, so they are property of the bankruptcy estate. At issue in this adversary proceeding is whether the withdrawals from the trust belong to the bankruptcy trustee or are subject to a judgment lien in favor of creditor and defendant Great American Life Insurance Company ("GALIC").

       GALIC obtained a $5.8 million judgment against Thompson in 1992. Right after it obtained the judgment, it brought a separate creditor's bill action against Thompson and the trust to enforce its

1

judgment against the withdrawals[1] pursuant to Ohio Revised Code § 2333.01, which provides:

> When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

On November 5, 2003, GALIC obtained a judgment against Thompson on this action. Thompson filed his Chapter 11 bankruptcy petition on May 6, 2004. The case was subsequently converted to Chapter 7 and Wirum appointed trustee.

Both GALIC and Wirum have moved for summary judgment. Wirum argues that the rights GALIC obtained by virtue of its creditor's bill judgment are not effective against the bankruptcy estate because they are subject to avoidance as an unperfected secret lien. She also argues that GALIC is judicially estopped from asserting lien rights because it filed a nondischargeability action against Thompson. Lastly, she argues that the withdrawal rights which accrue after bankruptcy are not subject to GALIC's security interest.

The court find's GALIC's lien to be neither unperfected nor secret. The key words in Ohio R.C. § 2333.01 are the last two, "by action." Under Ohio law, GALIC obtained a lien on Thompson's trust rights when it filed its creditor's bill action. *Gaib v. Gaib*, 470 N.E.2d 189, 191 (1983). The lien became perfected when it obtained a judgment in the action. There is no way a subsequent judgment holder could obtain a lien senior to GALIC's because its action would have been filed after GALIC's action. GALIC's lien is accordingly not avoidable pursuant to § 544(a) of the Bankruptcy Code.[2]

---

[1] Under Ohio law, R.C. § 2333.01 may be used to reach a judgment debtor's interest in a trust. *Payer v. Orgill*, 191 N.E.2d 373 (1963).

[2] Similar California laws create rights unavoidable by a bankruptcy trustee. See *In re Wind Power Systems,* 841 F.2d 288 (9th Cir. 1988).

2

Wirum's argument that GALIC is judicially estopped from asserting its security interest because it filed a § 523(a)(2) nondischargeability action against Thompson is unsupported by any citation and just plain wrong. All that the statute requires is that a debt be incurred by fraud. A secured creditor is perfectly entitled to bring such an action, and would have incentive to do so if it were worried that its security might not be sufficient to satisfy the debt.

The only real issue in this adversary proceeding is whether Thomson's postpetition withdrawal rights are considered property of the estate as of the date of the petition or as of the date of the exercise of the right. If the latter, then § 547(e)(3) of the Code allows Wirum to avoid GALIC's interest in them as preferences. 5 **Collier on Bankruptcy** (15th Ed.Rev.), ¶ 547.05[7], p. 547-99.

Although the question whether an interest is property of the estate is a federal question to be decided by federal law, bankruptcy courts must look to state law to determine whether and to what extent the debtor had any legal or equitable interests in property as of the commencement of the case. *In re Pettit*, 217 F.3d 1072, 1078 (9th Cir. 2000). If the court were deciding this case in a vacuum, it might well hold that the postpetition withdrawal rights are after-acquired property. However, the Ohio Court of Appeals has held, in refusing to give effect to the spendthrift provision in the trust, that Thompson's power to withdraw from the trust was "akin 'to having money in the bank.'" *Great American Insurance Co. v. Thompson Trust*, 2006 WL 199751 (2006).[3] Under this principle, the postpetition withdrawals must be considered proceeds from property of the estate pursuant to § 541(a)(6) of the Code rather than after-acquired property under § 541(a)(7).

The court feels compelled to note that the Ohio court used the "akin to money in the bank" argument to void the spendthrift provision in the trust. Had it not voided the spendthrift provision for this reason, then the trust would be excluded from the estate by virtue of § 541(c)(2). It seems inconsistent (if not rising to the level of estoppel) for Wirum to argue that the spendthrift provisions do not bar her

---

[3]The court does not cite this case because of issue or claim preclusion principles, but because it states Ohio law.

3

from asserting right to the withdrawals yet the trust is not to be treated as if it were a prepetition bank account.

For the foregoing reasons, summary judgment will be entered in favor of GALIC. Counsel for GALIC shall submit a form of order granting its motion and denying Wirum's, and an appropriate form of judgment.

Dated: June 11, 2006

_____<br>
Alan Jaroslovsky<br>
U.S. Bankruptcy Judge